IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore)

| | | |
|---|---|---|
| THE ARBITRON COMPANY | * | |
| Plaintiff/Judgment Creditor | * | Case No.: 02-MC-312 |
| v. | * | |
| ON TOP COMMUNICATIONS, INC.<br>4601 Presidents Drive, Suite 134<br>Lanham, Maryland  20706 | *<br><br>* | |
| Defendant/Judgment Debtor | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**REQUEST/APPLICATION FOR WRIT OF EXECUTION
(GARNISHMENT OF PROPERTY OTHER THAN WAGES)
<u>TO BE SERVED BY PRIVATE PROCESS</u>**

The Arbitron Company ("Arbitron"), the judgment creditor, pursuant to Fed. R. Civ. P. 64 and Maryland Rule 2-645(b) requests the issuance of a writ of execution (garnishment) of property other than wages of the judgment debtor, On Top Communications, Inc. ("On Top"), to be served by private process.

Garnishee name:   Wachovia Bank, N.A.
                  301 S. College Street
                  Charlotte, NC  28288

Serve on:   CSC Lawyers Incorporating Service Co.
            11 E. Chase Street
            Baltimore, MD  21202

Judgment was entered herein on May 29, 2001

THE AMOUNT NOW DUE on the judgment is as follows:

$87,841.34   Liquidated amount of judgment of $66,197.16, with interest at 1½% per month compounded quarterly from October 1, 1999 to May 29, 2001, amounting to $87,841.34 per the May 29, 2001 Default Judgment from the United States District Court for the Southern District of New York

| | |
|---|---|
| $190.00 | Plus costs and disbursements in this action in the amount of $190.00 |
| $0 | Less total credits |
| $88,031.34 | Net |

Plus post-judgment interest at the legal rate.

July 12, 2005                                    _____/S/_____
                                                 Severn E.S. Miller, Fed. Bar No. 11617
                                                 Thomas & Libowitz, P.A.
                                                 100 Light Street, Suite 1100
                                                 Baltimore, MD  21202
                                                 Voice: 410-752-2468
                                                 Fax:    410-752-2046

                                                 Attorneys for Judgment Creditor
                                                 The Arbitron Company

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore)

| | | |
|---|---|---|
| THE ARBITRON COMPANY | * | |
| Plaintiff/Judgment Creditor | * | Case No.: 02-MC-312 |
| v. | * | |
| ON TOP COMMUNICATIONS, INC.<br>4601 Presidents Drive, Suite 134<br>Lanham, Maryland  20706 | *<br><br>* | |
| Defendant/Judgment Debtor | * | |

**WRIT OF EXECUTION**
**(GARNISHMENT OF PROPERTY OTHER THAN WAGES)**

To:   Wachovia Bank, N.A.:
   301 S. Charlotte Street
   Charlotte, NC  28288

   Serve on:   CSC Lawyers Incorporating Service Co.
      11 E. Chase Street
      Baltimore, MD  21202

   You are directed to hold, subject to further proceedings, any property of the Judgment Debtor in your possession at the time of service of this Writ and all property of the Judgment Debtor that may come into your possession after the service of this Writ, including any debt owed the Judgment Debtor, whether immediately payable, unmatured, or contingent.  Federal and State exemptions may be available to you and to the Judgment Debtor.
   You must file an answer to the court within 45 days of this Writ and forward a copy to both the Plaintiff/Creditor and the Defendant/Debtor.  Failure to do so may result in a judgment of default being entered against you.  The Judgment Debtor has the right to contest this garnishment by filing a motion asserting a defense or objection.

_____            _____
Date                                                                                 Clerk/Judge

## **NOTICE TO PERSON SERVING WRIT**

Promptly after service upon the Garnishee, the person making service shall mail a copy of the Writ to the Judgment Debtor's last known address. Proof of mailing and service shall be filed with the Court promptly.

## **NOTICE TO GARNISHEE**

The Garnishee shall file an answer within 45 days after service of the Writ. The answer shall admit or deny that the Garnishee is indebted to the Judgment Debtor or has possession of property of the Judgment Debtor and shall specify the amount and nature of any debt and describe any property. The Garnishee may assert any defense that the Garnishee may have to the Garnishment, as well as any defense that the Judgment Debtor could assert. After answering, the Garnishee may pay any garnished indebtedness into court and may deliver to the marshal any garnished property, which shall be treated as if levied upon by a sheriff. A Garnishee who has filed an answer admitting indebtedness to the Judgment Debtor or possession of property of the Judgment Debtor is not required to file an amended answer solely because of an increase in the Garnishee's indebtedness to the Judgment Debtor or the Garnishee's receipt of property of the Debtor.

If the Garnishee fails to file a timely answer, the Judgment Creditor may proceed pursuant to Md. Rule 2-613 for judgment by default against the Garnishee.

If the Garnishee files an answer, the matters set forth in the answer shall be treated as established for the purposes of the garnishment proceeding unless the Judgment Creditor files a reply contesting the answer within 30 days after its filing. If a timely reply is not filed, the Court may enter judgment upon the request of the Judgment Creditor, the Judgment Debtor or the Garnishee. If a timely reply is filed to the answer of the Garnishee, the matter shall proceed as if it were an original action between the Judgment Creditor as Plaintiff and the Garnishee as Defendant and shall be governed by the rules applicable to civil actions.